UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAN RIVERA d/b/a MR SOD TURF
AND LANDSCAPE, LLC                         CIVIL ACTION

VERSUS                                     NUMBER 13-26-JJB-SCR

CAPITAL ONE, N.A.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 18, 2013.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAN RIVERA d/b/a MR SOD TURF
AND LANDSCAPE, LLC                        CIVIL ACTION

VERSUS                                    NUMBER 13-26-JJB-SCR

CAPITAL ONE, N.A.

**MAGISTRATE JUDGE'S REPORT**

Plaintiff's Petition for Damages and Breach of Contract failed to clearly allege a basis for federal subject matter jurisdiction. Plaintiff was ordered to show cause, in writing, why his complaint should not be dismissed for lack of subject matter jurisdiction.[1] In response to the show cause order, the plaintiff filed a First Supplemental and Amending Petition for Damages and Breach of Contract and a Letter Regarding Subject Matter Jurisdiction.[2] In his amended petition the plaintiff asserted that subject matter jurisdiction was conferred under 28 U.S.C. § 1331 - federal question - because the plaintiff "alleges a violation of the

---

[1] Record document number 3.

[2] Record document number 4 and 5, respectively. The letter has not been considered because it was not signed, as required by Rule 11(a), Fed.R.Civ.P. Nonetheless, even it were considered it would not change the recommendation made in this report since it provided no additional information relevant to the determination of subject matter jurisdiction.

Uniform Commercial Code, Articles § 4-208(A) and § 3-403."[3]

Under 28 U.S.C. § 1331, a district court has original jurisdiction over the plaintiff's complaint if the cause of action arising under federal law.[4] To determine whether an action arises under federal law, the court applies the "well-pleaded complaint rule". Under the "well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*,[5] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

Because the Uniform Commercial Code ("UCC") is not a codified federal statute, the plaintiff has failed to allege a claim arising under federal law.[6] The UCC is a model statute that many states have codified as part of the state's law. Therefore, when a complaint is based on a violation of the UCC the claim arises under

---

[3] Record document number 4, ¶, III. Plaintiff also filed a separate response to the show cause order, but it was not signed and will not be considered. Record document number 5. Even it were considered, it provided no additional information relevant to the determination of subject matter jurisdiction.

[4] *Id.*, at 10-11, 103 S.Ct. at 2846-47.

[5] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[6] Numerous federal courts have reach this conclusion. *Martin v. Culberson*, 2012 WL 4511270, *2 (E.D.Mich. Oct. 1, 2012); *Johnson v. Fedex/Kinko's Store No. 1726,* 2012 WL 997006, *2 (S.D.Ohio Mar. 23, 2012); *Ojemeni v. Sanchez,* 2010 WL 5684400, *3 (N.D.Ga. Dec. 20, 2010); *Citibank, N.A. v. Gumbs*, 2007 WL 3491744, *4 (N.D.Ga. 2007); *Motorola, Inc. v. Perry*, 917 F.Supp. 43, 48, n. 5 (D.D.C. 1996).

state law, not federal law.

This court does not have federal question jurisdiction over his action, and the plaintiff has not alleged any other basis for subject matter jurisdiction.

### Recommendation

It is the recommendation of the magistrate judge that the plaintiff's Petition for Damages and Breach of Contract, as amended by his First Supplemental and Amending Petition for Damages and Breach of Contract, be dismissed for lack of subject matter jurisdiction, and without prejudice to any state law claims he may have alleged.

Baton Rouge, Louisiana, January 18, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE